**Yudi Muttaqin EFENDI, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–70510.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2008.*

Filed Oct. 24, 2008.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert G. Ryan, Esquire, Law Offices of Eugene C. Wong, Inc., San Francisco, CA, for Petitioner.

Donald A. Couvillon, Esquire, Linda S. Wendtland, Esquire, U.S. Department of Justice, Washington, DC, Civil Division/Office of Immigration Litigation, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, RYMER, and THOMAS, Circuit Judges.

## MEMORANDUM **

Yudi Muttaqin Efendi, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we grant the petition and remand.

■ In assessing Efendi's claim of past persecution, the IJ disregarded Efendi's documentary evidence, but erred by neglecting to consider Efendi's testimony regarding the burning of his parents' store in May of 1998, after finding he was credible. *See Kataria v. INS*, 232 F.3d 1107, 1114 (9th Cir.2000) (In the absence of an adverse credibility finding, we accept a petitioner's factual contentions as true).

■ In addition, the BIA erred when it summarily affirmed the IJ's opinion without considering Efendi's challenge that the IJ failed to consider his claim that he faces persecution in Indonesia on account of his imputed political opinion as well as his Confucian–Christian religion. *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir.2005) (the BIA is not free to ignore arguments raised by a petitioner).

Accordingly, we grant the petition and remand to the agency for further proceedings, including a determination of the applicability to this case of *Sael v. Ashcroft*, 386 F.3d 922 (9th Cir.2004), an opinion

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

issued after the BIA entered its order. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED and REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.